**MASON v. DUGGER.   (No. 3416.)**

Court of Civil Appeals of Texas. Texarkana.
July 7, 1927.

Rehearing Denied July 8, 1927.

1. **Appeal and error** ⊜⟿569(2)—**Appellate court could not, over objection, consider statement of facts not filed by consent nor prepared by judge (Rev. St. 1925, arts. 2239–2244).**

Where it appeared that the statement of facts filed with the court upon appeal had neither been agreed to by the parties nor prepared by the judge as required by Rev. St. 1925, arts. 2239–2244, court had no authority to consider the statement against appellee's timely objection.

2. **Appeal and error** ⊜⟿569(2)—**Statute requiring statement of facts to be agreed to by parties or signed by judge is mandatory (Rev. St. 1925, arts. 2239–2244).**

Where, upon appeal, the statement of facts filed had not been agreed to by the parties to the action nor prepared by the court, as required by Rev. St. 1925, arts. 2239–2244, court had no discretion to entertain the document, since statute is mandatory.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Action by Rosa C. Mason against J. P. Dugger. Judgment for defendant, and plaintiff appeals. On appellee's motion to strike out statement of facts. Motion sustained.

Patrick & Eubank, of Paris, for appellant.
T. T. Thompson, of Clarksville, for appellee.

On Appellee's Motion to Strike Out Statement of Facts.

LEVY, J. The appellee, by timely motion, objects to the consideration of the statement of facts purporting to be a part of the record on appeal. The objection is, in effect, that the statement of facts was not agreed to by the parties or prepared by the judge on the failure of the parties to agree. The appellant's reply is to the effect that the statutory method of obtaining and filing on appeal a transcript of the evidence is merely directory and not mandatory, and that appellee's motion does not show any reason "why he could not agree to said statement of facts," and that, as appellee has filed briefs in the case, his consent to the statement of facts should be conclusively presumed.

[1, 2] The appellee filed both this motion to strike out the purported statement of facts and the briefs on the same date of June 6, 1927. The statement of facts on its face shows that it was not signed by the appellee or his attorney. The recital is:

"It is agreed that the above and foregoing statement of facts, from page 1 to 72, inclusive, is a true and correct statement of all the facts proved upon the trial of the above styled and numbered cause."

Then follows the signature of the "attorneys for plaintiff." The blank space for signature of the "attorney for defendant" remains unsigned by the attorney. Then follows the word "approved," with the official signature of the district judge. It is evident that the document was prepared and approved as if it were "agreed to by the parties." Such statement does not purport to have been prepared by the judge on failure of the parties to agree. According to the affidavits, the appellant's attorneys applied to the court reporter for a statement of facts, and, after receiving same, signed and presented it to the judge. The judge signed same upon the condition and "with the distinct understanding that Mr. Thompson's (attorney for appellee) signature would be secured." The appellee's attorney at that time "was out in the country at his home," and appellant's attorney was anxious to return home. The appellant's attorney left the statement so signed with a fellow attorney to have him "secure the signature of Mr. Thompson, attorney for the defendant, to the statement of facts." The attorney for appellee, upon being presented with the document, "made some objection to some matter contained in the statement of facts," and "he (the said T. T. Thompson) refused to sign." As further stated, "I mailed the entire record to the

Court of Civil Appeals on the same date without the signature of Mr. Thompson."

In the circumstances, the motion to strike out and not consider the purported statement of facts must be sustained, because it affirmatively appears that it was not made up and filed by consent or under the terms of the statute. This court has no authority to consider it at all as against objection thereto timely made. It is not a matter of discretion on the part of this court to entertain the document as it is presented. Under the terms of the statute there are but two ways to have and file an official statement of facts on appeal, viz.: (1) "When agreed to by the parties;" (2) "When prepared by the judge when the parties disagree." Articles 2239–2244.